SUMMARY ORDER

Petitioner Xiu Qun Chen, a native and citizen of the People’s Republic of China, seeks review of a November 30, 2007 order of the BIA denying her motion to reopen. In re Xiu Qun Chen, No. A077 318 274 (B.I.A. Nov. 30, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shoo v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
We find that the agency did not abuse its discretion in denying Chen’s untimely and number-barred motion to reopen because we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. B.I.A., 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider *584 evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). While Chen argues that the BIA’s analysis of her evidence was inadequate, we have rejected the notion that the agency must “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” Jian Hui Shoo, 546 F.3d at 169, and will “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise,” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Here, the BIA considered Chen’s evidence and reasonably questioned the reliability of the unauthenticated village committee letter because Chen was found to be not credible in her underlying proceedings. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-48 (2d Cir.2007) (finding that the BIA’s refusal to credit an unauthenticated document was not error when its rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication).
Because the failure to establish changed country conditions provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Chen’s motion to reopen. See Wei Guang Wang, 437 F.3d at 273; Jian Hui Shao, 546 F.3d at 169. Chen’s argument that she is entitled to file a successive asylum application based on the birth of her children in the United States fails under Yuen Jin v. Mukasey, 538 F.3d 143 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).